# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

**\*\*\***

JAMES M. REESE,

                 Plaintiff,

vs.

CLARK COUNTY DETENTION CENTER;
*et.al.*,

                 Defendants.

Case No. 2:15–cv–1633–GMN–VCF

**<u>ORDER</u>**

Before the court are the following motions:

1)       Reese's motion for electronic service of the defendants (ECF No. 32) and the

Defendants'[1] response (ECF No. 36)

2)       Reese's motion for issuance of summons (ECF No. 33)

3)       Reese's motion to extend prison copy work limit (ECF No. 34), the Defendants' response

(ECF No. 35), and Reese's reply (ECF No. 38)

## I. Discussion

1.       <u>Motion for Electronic Service (ECF No. 32)</u>

Reese asks the court to allow him to serve the Defendants electronically via the court's electronic

filing system.  (ECF No. 32)  "Except as otherwise set forth in this rule, electronic transmission of the

Notice of Electronic Filing constitutes services of a document on filers.  Parties and attorneys who are

not filers must be served conventionally under applicable Federal Rules, statutes, or court orders."  LR

---

[1] The Nevada Attorney General's Office accepted service on behalf of some defendants, but not others. (ECF No. 31) The office did not accept service on behalf of (1) Maurice Silva; (2) the Las Vegas Metropolitan Police Department; (3) the Clark County Detention Center; (4) the Clark County Detention Center Doe Defendants; and (5) Daniel Salmon.  (*Id.*)

IC 4-1(b).  The docket does not show that Reese, a *pro se* litigant, is a registered filer.  Since he is not a registered filer, Reese must use the conventional means of service permitted under the Federal Rules of Civil Procedure.

2.      Motion for Issuance of Summons (ECF No. 33)

Reese requests that the court issue summons for the following defendants: (1) Maurice Silva; (2) the Las Vegas Metropolitan Police Department; (3) the Clark County Detention Center; (4) the Clark County Detention Center Doe Defendants; and (5) Daniel Salmon.  (ECF No. 33)  The Attorney General's Office has not opposed this motion.  Pursuant to Local Rule 7-2(b), the motion for issuance of summons is granted as to Maurice Silva, Daniel Salmon, and the Las Vegas Metropolitan Police Department.  The Clark County Detention Center is a building and not a legal entity.  As such, no summons will be issued to the Clark County Detention Center.

"As a general rule, the use of 'John Doe' to identify a defendant is not favored."  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  No summons will be issued to the Doe Defendants.  Should Reese later discover the identity of the Doe Defendants, he may request leave to amend his complaint to reflect this development.  *See id.*

3.      Motion to Extend Copy Work Limit (ECF No. 34)

An inmate has no constitutional right to free photocopying.  *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).  Pursuant to NDOC administrative regulation 722.01(7)(D), inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case."  In this district, courts have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties.  *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-CV-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011).

Reese requests a $90.00 increase to his copy work limit.  (ECF No. 34)  The court previously granted Reese a $10.00 increase to his copy work limit.  (ECF No. 20)  His current request is a nine-fold increase from the previously approved amount and would effectively double the amount of copy work Reese is permitted under NDOC administrative regulation 722.01(7)(D).  Reese has not explained why he needs such a large increase and has not shown that he has exhausted his available funds.  (ECF No. 34)  His request to increase his copy work limit by $90.00 is denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Reese's motion for electronic service (ECF No. 32) is DENIED.

IT IS FURTHER ORDERED that Reese's motion for issuance of summons (ECF No. 33) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to Maurice Silva at 4000 S. Eastern Ave., Las Vegas, Nevada, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the Las Vegas Metropolitan Police Department at 300 Casino Center Blvd., Las Vegas, NV 89101, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the Clerk of Court issue summons to the Daniel Salmon at 7495 West Azure #224, Las Vegas, NV 89130, deliver the same to the U.S. Marshal for service, and send blank copies of the USM-285 forms to the Plaintiff.

IT IS FURTHER ORDERED that the plaintiff shall have twenty (20) days to furnish to the U.S. Marshal the required USM-285 forms. Within twenty (20) days after plaintiff receives copies of the completed USM-285 forms from the U.S. Marshal, plaintiff must file a notice with the court identifying which defendants were served and which were not served, if any.  If the plaintiff wishes to have the U.S.

Marshal attempt service again on any unserved defendants, then a motion must be filed with the court identifying the unserved defendants, specifying a more detailed name and address, and indicating whether some other manner of service should be used. Pursuant to the Federal Rules of Civil Procedure Rule 4(m), service must be accomplished within one hundred twenty (120) days from the date that the complaint was filed.

IT IS FURTHER ORDERED that Reese's motion to increase his copy work limit (ECF No. 34) is DENIED without prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing

/// /// ///

/// /// ///

/// /// ///

/// /// ///

party or the party's attorney.  Failure to comply with this Rule may result in dismissal of the action.  *See*

LSR 2-2.F

IT IS SO ORDERED.

DATED this 7th day of February, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE